Snodgrass, J.,
delivered the opinion of the court:
There is no' error in the chancellor’s decree in favor of William Crutchfield. It- is clear that Crutchfield did not obtain more relief than he was entitled to. Whether he obtained less it is not necessary to inquire, as he did not appeal. The- Needles debt was improperly allowed. Needles’ bill was filed to collect $983.40, or $938.40 (for it is stated both ways in his hill) due him for 4,000 feet of main pipe, furnished at- the special instance and request of the company. His hill was filed Inly 1, 187D Process issued, returnable to the August rules. No defense was made by the company, and judgment pro confesso was taken at September rules; but complainant’s bill was filed July 30, 18T5, to settle and adjust the debts and liabilities of the corporation and its stockholders. He denied the authority of the officers of the company to contract these various debts; denied that they were acting in good faith; asked to be permitted to defend these suits on behalf of himself and other stockholders, if these officers of the company did not; that proper accounts for settlement of the affairs of the corporation he taken, and that all these suits be consolidated.
This was done, and it is clear that complainant and the other stockholders have the right to show that Needles had no valid debt, he himself being a stockholder. This they clearly showed, and the chancellor held he was not entitled to the debt he sought, but gave him a reference for a debt be did not seek. Needles did not complain of this, or appeal. He- was clearly entitled to nothing, unless to his *289 claim for $983.40 for pipe furnished, and it is equally clear that he was not entitled to that. See depositions of Nerross, Fleming, Oían, and W&nner.
One of the appellants is Pat Fleming. He excepted to the report, because his claim (balance of two' judgments) against the gas company was not reported and allowed. He was a defendant to the Crutchfield bill, and on his own petition, filed August 7, 1875, became a party to another one of these consolidated causes. In this petition he showed he had recovered two judgments before a justice of the peace against the gas company — one for $142.25, and the other for $50, on tenth and twelfth of July, 1875; that execution had issued on these judgments. On one of the judgments he had received $70, and on the other about $30. By virtue of execution on first judgment, the constable holding it had 'levied on a lot of meter connections, and sundry meters: that Mayens & Co., attaching creditors herein, had levied an attachment, or claimed to have done so upon the property. He asked to replevy it, and was allowed to do so, upon executing bond in double its value. He gave bond for $170, showing he had replevied fifty-four meters, of value of one dollar each, “ said meters and their connections having been levied on,” etc. He filed a second petition in this cause, March 29., 1878. In this he sets up the balance due on his two judgments is $86.58, and interest. Fleming proves his claim. It is not allowed. He excepts to the report of the master, and appeals. He is entitled to a decree for this debt, interest, and cost against the defendant gas company, to be paid as other judgments in favor of stockholders.
On January 26, 1881, the Forest City Yarnish, Oil & Naphtha Company filed a petition in this cause, asking an allowance of an account for $420.33, made by William Huett, the then president of the gas company, in his own name, but in reality for goods purchased for the company. It prayed to be allowed to be filed in the consolidated *290 causes, and that petitioner Lave a decree against the gas company for the debt and interest. No defendant or defense was made to the petition. No order allowing it filed, or petitioner to become a party. No judgment for confessed, and no issue made on it — order about it. No proof taken. Yet, on May 5, 1881, a decree was rendered in favor of petitioner for $577.38. Afterwards, it is reported by the master as a debt due the Forest City Varnish, Oil & Naphtha Company by the decree of May 5, 1881. This report was not excepted to, and was confirmed. The fact that there was no exception to report cannot conclude the defendants, because made on an erroneous decree preceding. Having been formerly decreed, a report of it was a mere formal matter, and the decree would have sustained the report against any exception. It stands on the basis of a report made under an erroneous order of reference, which, although confirmed without exception, will be set aside, if, on appeal, the order of reference is reversed. There is nothing to sustain the decree of tire fifth of May, allowing this claim, and the final decree as to it must be reversed, and this claim disallowed.
It is not necessary to notice the point made in argument as to erroneous assessment of other stockholders. The argument is made for some who do not appeal, and the assessment is not erroneous. With the modifications indicated, we are satisfied with the decree* and it will be affirmed.
The costs of this cause, and the several consolidated causes, will be paid as decreed by the chancellor, on the fifth of November, 1880, except the costs in the cause of J. II. Needles against the gas company, and costs accruing on the petition of the Forest City Varnish, Oil & Naphtha Company, which will be decreed against these complainants and sureties on their bonds. The cost of appeal will be divided between defendants J. II. Needles and the Forest City Varnish, Oil & Naphtha Company.